PER CURIAM.
On May 22,1998, C.S., the indigent mother of an allegedly dependent child, filed an application for habeas corpus which asserted that, earlier that day, she had been taken into custody by the trial court on a $2,500 bond merely in order to assure her appearance at a psychologist’s examination four *1027 days later.[1] Within an hour we ordered her immediate release on her own recognizance pending further order.[2] Upon the state’s subsequent confession that the actual facts were as alleged and that C.S.’s imprisonment was therefore totally unjustified, we now issue the formal writ of habeas corpus. We remind the trial judge of the necessity for the existence of express authority and the exercise of extreme circumspection before the imprisonment of any citizen.
Habeas Corpus granted.

. Although C.S. had allegedly failed to obey prior similar orders, she was not adjudicated in contempt and her confinement was not even purportedly imposed as punishment for past misconduct.

. It appears that the Miami-Dade Corrections Department, although promptly notified, did not obey our order of Friday, May 22, 1998 to release C.S. “forthwith,” with the result that she remained in jail- through the Memorial Day weekend, until Tuesday, May 26. The disposition of this case is therefore necessarily without prejudice to the contempt proceedings now pending in this Court and any disciplinary action by the Department against those who may have violated our order. (It is also without prejudice to any civil action by C.S. for false imprisonment or otherwise against those responsible.)